WILLIAM HULL v. LOUISA T. HULL, *pro se, and as Administratrix, etc.*

No. 15,572.   ( 96 Pac. 1118.)

WILLIAM HULL v. LOUISA T. HULL, *as Administratrix, etc.*

No. 15,573.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed June 6, 1908. Affirmed.

*W. A. S. Bird,* and *W. I. Jamison,* for plaintiff in error.

*George H. Whitcomb, Clad Hamilton, George P. Morehouse,* and *C. A. Crowley,* for defendant in error.

*Per Curiam:* The written agreement involved in these cases no more creates a trust than would a promissory note. There was no intention of a trust, no expression of a trust, no fiduciary or confidential relation between the parties, and no circumstances out of which a trust could have resulted or be implied. It is an ordinary express promise to do a specific thing, made by a man to his adversary. The authorities cited by the plaintiff are all distinguishable upon well-understood principles. After the agreement was made nothing occurred to change the relations of the parties. Simple non-fulfilment of the contract did not convert the promisor into a trustee. He merely continued to be liable in an action on the contract, and the promisee gained no rights by failing to sue. The subsequent letters did not change the legal relation of obligor and obligee in any particular. They tolled the statute of limitations, and that is all. There was no promise to make a will, and if the plaintiff relied upon the expressions used as a promise to that effect he merely deceived himself. The statute of limitations has run against the demand, and the demurrers to the petitions were rightfully sustained on that ground. Besides this, the very unusual and even extraordinary state of facts presented in these cases would lead the court to invoke the doctrine of laches, if the situation of the parties was such that the statute of limitations did not properly bar recovery. The judgment in each case is affirmed.

BENSON, J., not sitting.